# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ROBERTO SÁNCHEZ-LEÓN,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Defendants.**

**Civil No. 16-2248 (ADC)**
**[Related to Crim. No. 14-272-4 (ADC)]**

## **OPINION AND ORDER**

Petitioner Roberto Sánchez-León has moved the Court, under 28 U.S.C. § 2255, to vacate the federal sentence he is currently serving on his convictions of RICO conspiracy, 18 U.S.C. § 1962(d), and of illegally possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A). **ECF No. 1**. Petitioner contends that his § 924(c) conviction must be overturned because his federal-carjacking crime, which was the felony offense he had possessed the firearm in furtherance of, no longer qualifies as a "crime of violence."[1] *Id*. at 4.

Petitioner filed the motion in June 2016, more than a year after his judgment of conviction had become final. Nonetheless, the motion is still timely because his claim to relief is predicated upon the Supreme Court's recent decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015). *See*

---

[1] 18 U.S.C. § 924(c)(1)(A) provides, in relevant part, that "any person . . . who, in furtherance of . . . any crime of violence . . . for which the person may be prosecuted in a Court of the United States, . . . possesses a firearm, shall" be punished. Thus, to convict petitioner of having violated § 924(c)(1)(A), the Government had to identify an applicable "crime of violence" that he had possessed the firearm in furtherance of. According to the Indictment, petitioner's crime of violence was a federal carjacking in violation of 18 U.S.C. § 2119(1).

28 U.S.C. § 2255(f)(3); *see also Welch* v. *United States*, 136 S. Ct. 1257, 1265 (2016) (holding that the rule set forth in *Johnson* is retroactively applicable to cases on collateral review).

In *Johnson*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. *United States* v. *Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (citing *Johnson*, 135 S. Ct. at 2563). Petitioner states that the similar, but not identical, residual clause in 18 U.S.C. § 924(c)(3)(B) is now invalid as well. *See* **ECF No. 1** at 4-5. If petitioner is correct, then the only way his federal carjacking offense can qualify as the requisite crime of violence is if it "is a crime of violence under the 'force' clause" in § 924(c)(3)(A). *See Taylor*, 848 F.3d at 491 (explaining that an offense can qualify as a "crime of violence" for purposes of § 924(c) under either the "force" clause in § 924(c)(3)(A) or the "residual" clause in § 924(c)(3)(B)); *see also* **ECF No. 4** at 9 (arguing the same). Petitioner asserts, however, that a federal carjacking is not a crime of violence under the "force" clause because, he further alleges, the federal-carjacking statute criminalizes a single offense and one of the means of committing that offense – *i.e.*, by intimidation – does not have, as the clause requires, physical force as an element. **ECF No. 4** at 11-14.

Petitioner's arguments in support of his motion can succeed if and only if he is right about carjacking by intimidation. However, the Court finds that he is wrong on that point and, thus, will dismiss his motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. *Carey* v. *United States*, 50 F.3d 1097, 1098 (1st Cir. 1995) ("Summary dismissal of a § 2255 petition is appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief."). Adhering to "the settled rule to decide no more than is necessary to the case in hand,"

*see Elgin Nat'l Watch Co.* v. *Illinois Watch Case Co.*, 179 U.S. 665, 670 (1901), the Court expresses no opinion on petitioner's other arguments, including whether the federal-carjacking statute is divisible and whether the "residual" clause in § 924(c)(3)(B) is unconstitutionally vague.

The "force" clause in § 924(c)(3)(A) provides that a felony offense qualifies as a "crime of violence" when it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Physical force, as used in the clause, "means violent force – that is, force capable of causing physical pain or injury to another person." *Taylor*, 848 F.3d at 491 (quoting *Johnson* v. *United States*, 559 U.S. 133, 140 (2010)). "To determine whether a crime requires the use, attempted use, or threatened use of violent force, we apply a categorical approach." *Id*. "That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime." *Id*. (citing *United States* v. *Fish*, 758 F.3d 1, 5 (1st Cir. 2014)). "Using the element-based analysis, our goal is 'to determine whether the conduct criminalized by the statute, including the most innocent conduct,' requires the use of violent force." *Id*. at 492 (quoting *Fish*, 758 F.3d at 5). If it does not, then "the crime cannot support a conviction" under § 924(c). *Id*. (citing *Fish*, 758 F.3d at 5).

The federal-carjacking statute, 18 U.S.C. § 2119, provides that a person commits the felony of carjacking whenever he, "with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so." The statute proscribes either two distinct carjacking crimes or two distinct means of committing a single carjacking crime. *See Mathis* v. *United States*, 136 S. Ct. 2243, 2256

(2016) (holding that the "first task" for courts "faced with an alternatively phrased statute is . . . to determine whether its listed items are elements or means."). For present purposes, however, this threshold inquiry of elements versus means can be bypassed. After all, it is not clear to the Court, based on a quick review of the record currently available in the electronic docket, whether petitioner pleaded guilty to a carjacking by force and violence or to one by intimidation.[2] In any event, as noted above, petitioner's motion depends on the claim that carjacking by intimidation is not a crime of violence for purposes of the "force" clause in § 924(c)(3)(A).

Before the Court resolves petitioner's claim about the nature of intimidation under the federal carjacking statute, the Court must first consider an uncontested issue. Petitioner does not dispute that carjacking by force and violence is a crime of violence under the "force" clause, and for good reason. Carjacking by force and violence plainly involves violent force. *Holloway* v. *United States*, 526 U.S. 1, 11 (1999) (holding that, to convict a defendant of carjacking by force and violence under § 2119(1), the Government must prove that the crime occurred by means of him "attempting to inflict, or actually inflicting, serious bodily harm"); *see also United States* v. *Evans*, 848 F.3d 242, 247 (4th Cir. 2017) ("The act of taking a motor vehicle 'by force and violence' requires the use of violent physical force."); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) ("an element requiring that one take or attempt to take by force and violence . . . , which is what the

---

[2] A transcript of the change-of-plea proceeding in *United States* v. *Sánchez-León*, No. 14-CR-272-4 (D.P.R. Aug. 14, 2014), is not in the docket. However, petitioner's plea agreement in the underlying criminal case reflects that he admitted to having committed the carjacking by "force, violence, and intimidation." *United States* v. *Sánchez-León*, No. 14-CR-272-4 (D.P.R. Aug. 14, 2014), **ECF No. 329** at 14.

federal carjacking statute does, satisfies the force clause of § 924(c), which requires the use, attempted use, or threatened use of physical force."). As a result, the Court finds that a federal carjacking by force and violence constitutes a crime of violence pursuant to the "force" clause, 18 U.S.C. § 924(c)(3)(A). Thus, assuming that petitioner is correct that the federal carjacking law prohibits a single crime that can be committed in two different ways – *i.e.*, by force and violence, and by intimidation – it is now clear that the force-and-violence half is a crime of violence.

The Court finds further that a federal carjacking by intimidation is also a crime of violence under the "force" clause. In *Holloway*, the Supreme Court held that 18 U.S.C. § 2119's "*mens rea* component . . . modifies the act of 'taking' the motor vehicle." 526 U.S. at 8. Thus, to convict an accused of carjacking by intimidation, the Government must prove that "at the precise moment he demanded or took control over the car" by means of intimidation, the accused evidenced an intent to cause death or serious bodily harm to the victim.[3] *Id*. In other words, the intimidation he used must have embodied a genuine threat to inflict serious bodily harm. *See id*. at 11-12 ("an empty threat, or intimidating bluff, . . . is not enough to satisfy § 2119's specific intent element" because "the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car."). Moreover, the case law is clear that, to convict a person of carjacking by intimidation, the intimidation must involve "a deliberate threat

---

[3] In the Stipulation of Facts contained within the plea agreement in the underlying criminal case, petitioner specified that he had committed the carjacking "at gun point." *United States* v. *Sánchez-León*, No. 14-CR-272-4 (D.P.R. Aug. 14, 2014), **ECF No. 329** at 14.

of violence." *See id*. at 3; *see also Evans*, 848 F.3d at 247 ("We are not aware of any case in which a court has interpreted the term 'intimidation' in the carjacking statute as meaning anything other than a threat of violent force."); *In re Smith*, 829 F.3d at 1280 ("an element requiring that one take or attempt to take . . . by intimidation, which is what the federal carjacking statute does, satisfies the force clause of § 924(c)."); *United States* v. *Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (per Posner, J.) ("Intimidation means the threat of force," that is "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met with force.").

Petitioner insists, nonetheless, that a carjacking by intimidation is not a crime of violence because intimidation is not a threat of violent force, but of bodily harm, and bodily harm is not always caused by force. **ECF No. 4** at 11-12. The argument appears to be part of a nationwide campaign by the criminal-defense bar to argue, paradoxically, that obviously violent crimes are not actually crimes of violence. The campaign has had its successes. *See United States* v. *Doctor*, 842 F.3d 306, 315 (4th Cir. 2016) (Wilkinson, J., concurring) (listing numerous federal appellate decisions finding that violent crimes like attempted murder, armed robbery, aggravated assault, kidnapping, and rape are not a "crime of violence"). At the same time, these victories may prove to be Pyrrhic, leading to a reform less favorable to defendants. *See id*. ("Four Justices have now expressed, albeit for varying reasons and to varying degrees, some uneasiness with aspects of the categorical approach" that courts must use when determining which offenses constitute a "crime of violence."). Whatever its past successes, none is to be had here. The Court has found that intimidation, for purposes of 18 U.S.C. § 2119, necessarily involves the "threatened use of

physical force against the person" of another. *See* 18 U.S.C. § 924(c)(3)(A). Thus, a carjacking in violation of 18 U.S.C. § 2119 is necessarily a "crime of violence" for purposes of § 924(c).

Petitioner's assertions to the contrary are unavailing. He claims that a "federal carjacking can be accomplished by putting another in fear of bodily harm, and without [even threatening] violent physical force." **ECF No. 4** at 12. But he never explains how such a carjacking is possible, leaving the means to the Court's imagination. However, "in assessing whether the elements of [an offense] are overbroad," and thus do not constitute a crime of violence, the Court "need not consider fanciful, hypothetical scenarios." *Fish*, 758 F.3d at 6 (citing *Gonzáles* v. *Duenas-Álvarez*, 549 U.S. 183, 193 (2007)). "[T]he Supreme Court has made clear in employing the categorical approach that to show [an offense] is not a crime of violence 'requires more than the application of legal imagination to [the] . . . statute's language.'" *United States* v. *Hill*, 832 F.3d 135, 139 (2d Cir. 2016) (last two alterations in original) (quoting *Gonzáles*, 549 U.S. at 193). "[T]here must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Id*. at 140 (citing *Gonzáles*, 549 U.S. at 193).

To show that a particular reading of the carjacking statute is "realistic," petitioner "'must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues.'" *Id*. (ellipses in original) (quoting *Gonzáles*, 549 U.S. at 193). But petitioner has not even tried to make that showing and, thus, has failed to establish that the federal-carjacking statute is overbroad in the manner he alleges. *See* **ECF No. 4** at 11-12. Indeed, the Court suspects that if petitioner had been convicted of a carjacking under such

fanciful facts (whereby he was accused of having somehow threatened his victim with physical harm without having also threatened the use of physical force), he would be the first to complain that the conviction lacks a sufficient factual basis. Accordingly, petitioner has failed to bear his burden of proof. *See Ramos-Martínez* v. *United States*, 638 F.3d 315, 325 (1st Cir. 2011).

Petitioner also claims that the Indictment charged him simply with aiding and abetting a federal carjacking and that, as a result, the Court must add the elements of aiding-and-abetting liability to the elements of a federal carjacking when determining whether the latter constitutes a crime of violence. **ECF No. 4** at 12-13. The Court rejects those claims. First, the underlying Indictment stated that defendant and two others, "aiding and abetting each other, took a motor vehicle . . . by force, violence, and intimidation, with the intent to cause death and serious bodily harm." The Court of Appeals has repeatedly stated that such language charges defendants both "as principals and as aiders and abettors." *See United States* v. *Matos-Quinones*, 456 F.3d 14, 20 (1st Cir. 2006) (citing *United States* v. *Bennett*, 75 F.3d 40, 47-48 (1st Cir. 1996)). Second, even if petitioner had been charged only as an aider and abettor, "aiding and abetting 'is not a separate offense' from the underlying substantive crime." *United States* v. *Mitchell*, 23 F.3d 1, 2 (1st Cir. 1994) (per curiam) (quoting *United States* v. *Sánchez*, 917 F.2d 607, 611 (1st Cir. 1990)). As a result, "[o]ne who aids and abets an offense 'is punishable as a principal,' and 'the *acts* of the principal become those of the aider and abettor as a matter of law.'" *Id*. at 3 (emphasis in original) (quoting 18 U.S.C. § 2; then quoting *United States* v. *Simpson*, 979 F.2d 1282, 1285 (8th Cir. 1992)). Thus, "aiding and abetting the commission of a crime of violence is a crime of violence itself." *Id*.

In sum, the Court hereby summarily **DISMISSES** petitioner's supplemented motion, *see* **ECF Nos. 1**, **4**, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also **DISMISSES AS MOOT** petitioner's motion to stay this proceeding, *see* **ECF No. 5**.

When entering a final order adverse to a Section 2255 petitioner, the Court must decide if he warrants a certificate of appealability. The Court may issue one only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck* v. *Davis*, 137 S. Ct. 759, 773 (2017). Petitioner made no such showing. Thus, the Court will not grant him a certificate. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek one directly from the Court of Appeals under Federal Rule of Appellate Procedure 22(b)(1).

There being no pending issues, the case at bar is closed.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**